IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                      No. CIV S-06-1400 FCD KJM P

   vs.

C. PAZOS, et al.,

      Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On April 27, 2007, plaintiff filed a motion to stay the proceedings because he has not been given his legal property after a transfer from Corcoran to CSP-Sacramento to attend court proceedings in Sacramento County Superior Court.

        On May 3, 2007, the court granted the request for a stay of the proceedings and directed plaintiff to file status reports. On May 25, 2007, plaintiff filed a "motion to correct error by the court." He chides the court for granting the stay without also directing prison officials to give him his legal property, thereby impeding his litigation in this case and in others pending in state and federal courts. He also contends that the stay without an ameliorating order will encourage prison officials to stall in providing the materials. In addition, he asks the court to redesign the law library program for inmates in segregation in order to facilitate his ability to

1

litigate this and other cases.  Finally, he complains that the Clerk of the Court will not send him forms, such as transcript designation forms he has requested in the past.

### A.  Request For An Order Directing The Return Of Legal Property

Plaintiff makes a broad claim that he has been separated from his legal property and thus is hampered in his ability to pursue the various actions he has pending in state and federal courts.  He has never suggested how his separation from his legal property undercuts his ability to litigate **this case**; indeed, he has never described what is missing and how that will hamper his ability to conduct discovery **in this case**.  The court will not issue an order directing the return of amorphous legal property without some idea of how it relates to the case currently pending before it.

### B.  Request For Law Library Access

Plaintiff complains that he does not have access to federal forms and other materials because of the limitations on law library access for inmates in segregation.  Once again, plaintiff has provided only general complaints without describing how the alleged problems with law library access hinders his ability to litigate **this action**.  See Lewis v. Casey, 518 U.S. 343, 351 (1996) (claim of denial of access to courts cannot be based on theoretical deficiencies in law library; inmate must show actual injury).

### C.  Requests For Forms

Plaintiff complains that the Clerk of the Court has not sent him transcript designation forms when he has asked for them.  Such a form is appropriate only when some proceedings in the current case have been held in open court and recorded either mechanically or by a court reporter and the transcript is necessary for appeal.  Proceedings in prisoner cases are generally conducted on the papers only, so as a general matter, there are no transcripts to be designated.  See Local Rule 78-230(m).

/////

/////

1  IT IS HEREBY ORDERED that:

2  1. Plaintiff's May 25, 2007 "motion to correct error by the court" is denied; and

3  2. The Clerk of the Court is directed to note the address listed on this motion as plaintiff's current address.

DATED: June 1, 2007.

U.S. MAGISTRATE JUDGE

2
aver1400.ordx2