IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,                      No. CIV S-06-1400 FCD KJM P

    vs.

C. PAZOS, et al.,

        Defendants.             ORDER

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed two motions for the entry of default against defendant Pazos, a motion to amend his complaint, and a motion for an order directing the U.S. Marshal to serve a subpoena.

I. <u>Motion To Amend The Complaint</u>

        Plaintiff asks leave to file an amended complaint, adding a defendant and some claims that have arisen since the filing of his original complaint. At this stage of the litigation, plaintiff must secure leave to file a new complaint, whether it is called an amended or a supplemental complaint. <u>See</u> Fed. R. Civ. P. 15(a) & (d). He has not submitted a proposed new complaint, however, so the court is unable to evaluate it as required by the in forma pauperis

/////

statute. See 28 U.S.C. § 1915; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990) (factors in evaluating proposed amended complaint).

Plaintiff has also asked for the court's direction on questions of exhaustion of administrative remedies. However frustrating this issue may be for plaintiff, the court cannot advise him on how to litigate his case. See Pliler v. Ford, 542 U.S. 225, 231 (2004).

II. Motions For Entry Of Default Judgment Against Defendant Pazos

A waiver of service was mailed to defendant Pazos on May 21, 2007.[1]  His answer thus was due on July 21, 2007. Fed. R. Civ. P. 4(d)(3). He did not file his answer until August 29, 2007.

> [T]he filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside.

McMillen v. J.C. Penney Co., 205 F.R.D. 557, 558 (D. Nev. 2002). Defendant Pazos has not explained why he filed his answer late nor has he deigned to reply to plaintiff's motions. He will be given an opportunity to do so; failure to respond will result in an order directing the entry of a default judgment.

III. Request To Have The Marshal Serve A Subpoena Duces Tecum

Under Federal Rule of Civil Procedure 45(a)(2)(C), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Moreover, the U.S. Marshal's obligation to serve process for indigents includes the duty to serve subpoenas duces tecum. See 28 U.S.C. §§ 566(c), 1915(d). However, a party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1), Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003), and by the court's duty to ensure that a subpoena does not impose "undue burden or expense on a person

---

[1] An earlier waiver was mailed to the prison, but the notation on the Marshal's form says "CSP unable to accept svs." See Docket No. 31 (Process Receipt and Return).

1  subject to that subpoena." <u>United States v. Columbia Broadcasting System, Inc.</u>, 666 F.2d 364
2  (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); <u>Cantaline v.</u>
3  <u>Raymark Industries, Inc</u>., 103 F.R.D. 447, 450 (S.D. Fla. 1984) (same); Fed. R. Civ. P. 45(c)(1).
4  One court has found it appropriate to require an indigent plaintiff to "demonstrate that he has
5  made provision for the costs of such discovery" before it would direct the Clerk to provide him
6  with the forms for subpoenas duces tecum. <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa.
7  1991).

8        Plaintiff seeks a number of documents from the California Department of
9  Corrections and Rehabilitation (CDCR) and poses a number of questions as well, generally
10 relating to medications available for inmates and procedures for doctors and the nursing and
11 pharmacy staffs.  He explains that this is necessary "to determine the available treatments vs.
12 what are not and how these unformulated treatments are overridden via formulary procedures,"
13 as well as to learn "what patients should expect" and the "line of authority for medical
14 treatment."

15       Plaintiff has not made a sufficient showing of relevance to authorize the service of
16 the subpoena.  The court ordered service of the complaint on defendants Huggins and Shahota,
17 who are alleged to have ignored plaintiff's back pain, and on defendants Pazos, Dunn and
18 Joseph, who are alleged to have made false allegations about plaintiff, suggesting that he was
19 simply seeking drugs rather than experiencing medical problems, and to have covered up other
20 staff misconduct.  Plaintiff has not shown how the documents he seeks from the CDCR are
21 relevant to these allegations.
22 /////
23 /////
24 /////
25 /////
26 /////

1 IT IS HEREBY ORDERED that:

2 1. Plaintiff's November 13, 2007 motion to file an amended complaint is denied without prejudice;

2. Defendant Pazos is directed to file a response to plaintiff's September 20, 2007 and November 13, 2007 motions within twenty days of the date of this order; plaintiff's reply, if any, is due fifteen days after defendant's response; and

3. Plaintiff's October 26, 2007 request to have the U.S. Marshal serve a subpoena duces tecum is denied.

DATED: December 5, 2007.

_____
U.S. MAGISTRATE JUDGE

4