IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,                      No. CIV S-06-1400 FCD KJM P

    vs.

C. PAZOS, et al.,                   <u>ORDER AND</u>

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a request for the U.S. Marshal to serve a subpoena duces tecum, a motion to dismiss defendant Dunn from the action, a motion for an extension of the discovery deadline and a motion for injunctive relief.

        Defendant Pazos has requested a clarification of the court's order of December 5, 2007 and has also filed a response to that order, addressing plaintiff's September 20 and November 13, 2007 requests for entry of default.

I. <u>Motion To Dismiss Defendant Dunn</u>

        As defendants have no objection to plaintiff's request, the action is dismissed as to defendant Nancy Dunn.

/////

1

II. Request For Service Of A Subpoena Duces Tecum

Plaintiff has requested the court to direct the U.S. Marshal to serve a subpoena duces tecum on the California Department of Corrections and Rehabilitation (CDCR), to have the materials delivered to the court. He also asks the court to review the material so produced to determine its authenticity or to direct the CDCR's custodian of records to authenticate the material. He further asks the court's advice as to appropriate service of the subpoena.

The court will not determine the authenticity of any materials plaintiff secures nor will it advise him as to the appropriate service of the subpoena. In addition, in the absence of any suggestion that there will be problems with materials provided, the court will not direct the CDCR to process the request in a particular fashion.

In the order of December 5, 2007, the court denied plaintiff's request because plaintiff had not made a showing of relevancy. Plaintiff has attempted to fill this lacuna in his most recent filing.

In his declaration in support of the request, plaintiff explains he needs several categories of the material sought in order to respond to interrogatories that ask him to name documents that show the defendants violated his constitutional rights. He also asserts, with little explanation, that the policy statements he seeks will allow him to prove his claim. Neither of these justifications establishes relevance for discovery purposes.

Plaintiff also seeks a copy of his medical file, but has not explained why it is not available for his inspection at his institution, without the court's intervention.

Finally, plaintiff seeks copies of any recorded interviews and documents generated during defendant Joseph's investigation of plaintiff's staff complaints. He has made an adequate showing of relevance.

III. Extension Of Time To Conduct Discovery

Plaintiff seeks an additional ninety days "to start with" in order to conduct discovery in this case, alleging that he is hampered in his efforts because he is housed in

1 administrative segregation and is provided only limited law library access.  Although an
2 extension is appropriate to allow plaintiff to complete service of the subpoena duces tecum,
3 plaintiff has not tied his limited law library access to his failure to pursue discovery during the
4 discovery period set by the court's order.

IV.  Motion For Injunctive Relief

Plaintiff seeks a temporary restraining order and a preliminary injunction directing defendant Sahota to provide him Fentanyl, a medication previously prescribed to treat the pain plaintiff alleges he suffers as the result of degenerative problems in his lower back. Plaintiff alleges that defendant Sahota, the Chief Medical Officer of CSP-Sac, has refused to approve Dr. McAlpin's request that plaintiff be given Fentanyl because it is not on the list of available medications for CDCR.  Plaintiff requests several forms of relief, including the assignment of a special doctor to his treatment and the resumption of his prescription for Fetanyl. He has supported his request with a series of unauthenticated medical records, some of which are difficult to decipher and interpret.[1]  Defendants have opposed the request.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

---

[1] In a declaration attached to the motion, plaintiff alleges that the records are "true copies of the originals and should be viewed as authentic."  This is not sufficient to comply with the Federal Rules of Evidence.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.  In addition, when "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction."  Stanley v. University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).  A mandatory injunction is disfavored and should be denied unless "the facts and law clearly favor the moving party."  Id. at 1320 (internal quotations omitted).

In this case, plaintiff seeks to alter the status quo by having the court direct a special doctor be assigned to treat him and that he be administered a particular medication, which he no longer receives.  Accordingly, he is not entitled to a temporary restraining order.

Nor has plaintiff made a sufficient showing that he will succeed on the merits of his underlying claim so as to justify the issuance of a preliminary injunction.

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference" to serious medical needs.  A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung,

4

391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  In light of this Eighth Amendment standard, plaintiff has not established that the law clearly favors his position.

V. <u>Motion For Clarification; Motion For Default Judgment</u>

As defendant Pazos has responded to plaintiff's motions for default judgment, the motion for clarification is denied as moot.

Although his argument is not entirely clear, it appears defendant Pazos is arguing that he was not served because CDCR forwarded the waiver of service form to him after the form had already expired.  The waiver of service form, however, contains defendant Pazos' signature and his agreement to waive service; moreover, the February 5 date on the form has been crossed out and May 21 written in.  Docket No. 31.

Nevertheless, the court declines to grant plaintiff's request for the entry of a default judgment.  Defendant Pazos has explained his confusion about the nature of the service and his obligation while a stay was in place.[2]  He has now answered and plaintiff has demonstrated no prejudice from any delay.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed as to defendant Dunn;

2. Plaintiff's request that the court direct the U.S. Marshal to serve a subpoena duces tecum is granted only as to plaintiff's request to secure the materials generated by defendant Joseph's investigation but denied as to all other requests;

3. The Clerk of the Court is directed to send plaintiff a blank form for a civil subpoena duces tecum; within thirty days of the date of this order, plaintiff should return the form properly filled out as allowed by paragraph 2 above so that the court may forward it to the Marshal;

---

[2] The court notes, however, that discovery, not the entire action, was stayed.

5

1       4. Plaintiff's request to continue the dates for conducting discovery is granted only insofar as he requests additional time in which to secure the subpoena duces tecum allowed by this order; if he returns the form within the thirty days specified by this order, it will be deemed timely;

      5. Defendant Pazos' motion for clarification is denied as moot;

      6. Plaintiff's September 20 and November 13, 2007 motions for the entry of default are denied; and

      7. Plaintiff's December 19, 2007 request for a temporary restraining order is denied.

      IT IS HEREBY RECOMMENDED that plaintiff's December 19, 2007 motion for a preliminary injunction be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2008.

_____
U.S. MAGISTRATE JUDGE

[2]
aver1600.ord